ALD-134                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4585
_____

IN RE: JOSEPH ARUANNO,
                                        Petitioner
_____

On a Petition for Writ of Mandamus
from the United States District Court for the District of New Jersey
(related to D.C. Civil Nos. 01-cv-00789 and 04-cv-03066)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 12, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 30, 2015)
_____

OPINION*
_____

PER CURIAM

    Petitioner Joseph Aruanno, proceeding pro se and in forma pauperis, petitions for

a writ of mandamus in connection with the failure of the District Court to rule on his

pending motion to reopen <u>Bagarozy, et al. v. Harris, et al.</u>, D.N.J. No. 04-cv-03066.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Aruanno, who is civilly committed under the New Jersey Sexually Violent Predator Act to the Special Treatment Unit ("STU") Annex in Avenel, New Jersey, is a plaintiff in a consolidated class action alleging inadequate therapeutic treatment and punitive conditions of confinement in New Jersey's STU facilities. This litigation began in 2001, with the filing of a pro se complaint by plaintiff Raymond Alves, in Alves, et al. v. Ferguson, et al., D.N.J. No. 01-cv-00789. In 2004 and 2007, Aruanno, along with other similarly situated plaintiffs, filed related actions based on substantially the same allegations. See Bagarozy, et al. v. Harris, et al., D.N.J. No. 04-cv-03066; Hasher, et al. v. Corzine, et al., D.N.J. No. 07-cv-01212. In 2008, after several years of discovery and settlement negotiations, the related cases were consolidated for all purposes under Alves. In 2012, a plaintiff class was certified, and the parties reached a settlement agreement which was approved by the District Court. The settlement was affirmed by this Court in March 2014. See C.A. Nos. 13-1071 and 13-1072.

On April 14, 2014, see Houston v. Lack, 487 U.S. 266, 270 (1988), Aruanno filed motions to reopen the Hasher and Bagarozy actions. The motions were identical except for their case captions. Aruanno's motion captioned, "MICHAEL HASHER, et al. v. MERRILL MAIN, et al., U.S. District Court No. 07-1212 consolidated with, ALVES V. MAIN, et al.," was docketed at Entry No. 236 in Alves. Despite the Clerk's April 2009 docket entry advising that there were to be no further filings in Bagarozy, Aruanno's motion captioned, "JOSEPH ARUANNO, et al. U.S. District Court No. 04-3066

2

consolidated with, BAGAROZY v. HARRIS, et al. consolidated with, ALVES v. MAIN, et al.," was docketed at Entry No. 104 in Bagarozy. Responses to the motion to reopen the Hasher matter were filed in Alves by plaintiffs' class counsel and by the Department of Corrections defendants. On May 19, 2014, the District Court construed that motion as a request to sever certain claims originally filed in Hasher from the terminated consolidated class action in Alves, and it granted the motion by severing all non-settled Hasher claims from D.N.J. No. 01-cv-00789 and reinstating those claims to the active docket in D.N.J. No. 07-cv-01212.

It appears that the motion to reopen Bagarozy was transferred to the Alves docket on November 10, 2014, at Entry No. 253. The motion to reopen Bagarozy remains pending on both the Bagarozy and Alves dockets.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances, when the petitioner has no other adequate means to obtain the relief sought. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378–79 (3d Cir. 2005). Id. (citing Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380–81 (2004)). A petitioner seeking the writ "must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). A district court's control of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a

3

particular result is 'clear and indisputable.'" Allied Chem. Corp. v. Daiflon, Inc., 449

U.S. 33, 36 (1980) (per curiam).  Nevertheless, a writ of mandamus may issue if a district

court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden, 102

F.3d at 79.

In this case, although more than ten months have passed since Aruanno's motion

to reopen Bagarozy was improperly filed on the inactive docket in D.N.J. No. 04-cv-

03066, only four months have passed since the motion was transferred to the active

docket in Alves.[1]  Although this delay is of some concern, we conclude that it does not

rise to the level of a failure to exercise jurisdiction.  In light of the District Court's prompt

resolution of Aruanno's motion to reopen Hasher, and the understandable confusion

regarding the docketing of his motion to reopen Bagarozy, we are confident that the

District Court will rule on the pending motion in short order.  Accordingly, we will deny

the mandamus petition.  Aruanno's motions to expedite the petition are denied.

---

[1] No responses to the motion have been filed.