CLD-065                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3183
_____

IN RE:  JOSEPH ARUANNO,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 04-cv-03066 and D.N.J. Civ. No. 01-cv-00789)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2015
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno petitions for a writ of mandamus, seeking to have the District

Court rule on his motion to reinstate <u>Bagarozy v. Harris</u>, D.N.J. Civ. No. 04-cv-03066.

Because the District Court has already ruled on the motion, we will dismiss the petition

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

as moot.  However, as explained below, we suggest that the District Court consider certain of Aruanno's filings as motions to reconsider that ruling.

Aruanno is a civilly-committed detainee under the New Jersey Sexually Violent Predator Act.  His complaint in <u>Bagarozy</u> complains of conditions at the Special Treatment Unit ("STU") Annex in Avenel, New Jersey.  In 2008, the <u>Bagarozy</u> matter and another matter, <u>Hasher, et al. v. Corzine, et al.</u>, D.N.J. No. 07–cv–01212, were consolidated with a case that commenced in 2001, <u>Alves, et al. v. Ferguson</u>, et al., D.N.J. No. 01–cv–00789.  The District Court certified a plaintiff class, and the parties reached a settlement agreement, approved by the District Court.  We affirmed the settlement in March 2014.  <u>See</u> C.A. Nos. 13–1071 and 13–1072.

As we recently explained in another mandamus proceeding, in April 2014, Aruanno filed motions to reinstate or reopen the <u>Hasher</u> and <u>Bagarozy</u> actions.  <u>In re Aruanno</u>, C.A. No. 14-4585, 599 F. App'x 418, 418-19 (3d Cir. 2015) (per curiam).  The motions were identical except for their case captions.  One motion mentioned <u>Hasher</u> in its caption.  That motion was docketed at # 236 in <u>Alves</u>.  The District Court promptly acted on that motion, construing it "as a request to sever certain claims originally filed in <u>Hasher</u> from the terminated consolidated class action in <u>Alves</u>, and it granted the motion by severing all non-settled <u>Hasher</u> claims from D.N.J. No. 01–cv–00789 and reinstating those claims to the active docket in D.N.J. No. 07–cv–01212."  <u>In re Aruanno</u>, 599 F. App'x at 419.

2

Aruanno's motion that mentioned <u>Bagarozy</u> in its caption was docketed at #104 in D.N.J. Civ. No. 04-cv-03066, despite the Clerk's April 2009 docket entry advising that there were to be no further filings in that case. However, the docket for <u>Alves</u> reflects that the motion was transferred to that docket on November 10, 2014, at Dkt. #253. We explained in the earlier mandamus proceeding that while the four-month delay since the transfer of the motion to the <u>Alves</u> docket was of some concern, we were confident that the District Court would rule on Aruanno's motion in short order. <u>Id.</u> at 419. While there is no indication on the <u>Bagarozy</u> docket that the motion has been resolved, that is understandable, given the Clerk's order that no further filings would be docketed in that case. And the District Court *did* rule on Aruanno's motion—the order is docketed in the <u>Alves</u> proceeding at Docket #260. The District Court stated that the motion to reopen docketed at #253 was identical to the motion to reopen <u>Hasher</u>, which had already been granted. The Court thus denied #253 as moot. Because the District Court has already ruled on Aruanno's motion, we must dismiss his motion for a writ of mandamus. <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996).

We recommend, however, that the District Court consider Aruanno's letters docketed in <u>Alves</u> at #261 and #262 as motions to reconsider the Court's April 17, 2015 order that denied #253 as moot. Aruanno appears to explain that the motion docketed at #253 was not seeking to reopen <u>Hasher</u>; rather, he was seeking to reopen unsettled matters in <u>Bagarozy</u>. We note that in its order the District Court stated that Aruanno's

3

motion "does not specify which claims, other than those which have been revived in Hasher, Aruanno wishes to have reopened and reconsidered." Dist. Ct. Order, Dkt. #260 at 2. It appears that Aruanno has attempted to remedy that situation in an attachment to his letter dated April 21, 2015 (Dkt. #261). We express no opinion as to the merit of Aruanno's motion.

For the foregoing reasons, the petition for a writ of mandamus will be dismissed.