CLD-260                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2091
_____

IN RE:  JOSEPH ARUANNO,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. No. 2-04-cv-03066)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 19, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: May 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

    This petition for a writ of mandamus, filed by Joseph Aruanno, is essentially a

follow-up to his mandamus petition that was docketed at C.A. No. 15-3183.  In that

proceeding, we denied Aruanno's mandamus petition, as the District Court had ruled (on

April 17, 2015) that his motion to reopen or reinstate certain District Court proceedings

was moot.  In our opinion denying Aruanno's petition, we also "recommend[ed]" that the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court consider two filings at docket #261 and #262 in <u>Alves, et al. v. Ferguson, et al.</u>, D.N.J. Civ. No. 01-cv-00789, as motions to reconsider the Court's April 17 order. To date, the District Court has taken no action on those filings.

To the extent that Aruanno is complaining in the current mandamus petition that the District Court has not ruled on his motion to reinstate that was docketed at #104 in <u>Bagarozy v. Harris</u>, D.N.J. Civ. No. 04-cv-03066, we have already explained that the District Court was not obligated to rule on the motion in the context of that case, as the Clerk had ordered that no further filings would be docketed in that case. <u>See</u> <u>In re Aruanno</u>, C.A. No. 15-3183, 623 F. App'x 578, 579 (3d Cir. 2015). And the District Court did rule on the same motion when it was docketed at #253 in the <u>Alves</u> case. <u>Id.</u>

To the extent Aruanno is complaining that the District Court has not acted on the filings docketed at #261 and #262 in <u>Alves</u>, we find that mandamus relief is not warranted. As Aruanno well knows, mandamus relief is warranted only if he can show a clear and indisputable right to relief and if there is no other means to obtain relief. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). The documents at dockets #261 and #262 are styled as letters, and they do not specifically request any action on the part of the court. Rather, the letters express disagreement with the District Court's April 17 order. Because they request no relief, the District Court may have decided that no action was necessary. <u>See</u> Fed. R. Civ. P. 7(b)(1); <u>cf.</u> <u>St. Marys Hosp. Med. Ctr. v. Heckler</u>, 753 F.2d 1362, 1365 (7th Cir. 1985) (motion which identified two specific errors in reasoning that the litigant believed the trial court had made, and which requested that the district

2

court either modify or clarify its remand order, met Rule 7(b)(1)'s specificity requirements); see also In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (district court has discretion in managing cases on its docket). And even when this Court issued the mandamus opinion in 15-3183, we *recommended* that the District Court act, rather than *mandating* that it act. Aruanno thus cannot show a clear and indisputable right to have the District Court rule on his "letters."

As a matter of clarity, the District Court may wish to explicitly state whether the letters docketed at #261 and #262 warrant reconsideration of the April 17, 2015 order. But because the extraordinary relief of mandamus is not justified, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), we will deny the petition for a writ of mandamus.